UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-00062-01<br>CIVIL ACTION NO. 13-03090 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WILLIAM L. BARTON | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court are Petitioner William L. Barton's ("Barton") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 688) and Successive § 2255 Motion (Record Document 752). In the first Motion, Barton seeks an order (1) granting equitable tolling of the one-year time limit for filing § 2255 motions such that the first Motion will be timely and (2) setting aside his conviction. See Record Document 688. The second Motion argues for a reduction in Barton's sentence on the basis that the Court failed to take certain mitigating factors into account in imposing his sentence. See Record Document 752. For the reasons contained in the instant Memorandum Ruling, Barton's § 2255 Motions are **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 13, 2011, Barton pleaded guilty to count one of an indictment charging him with engaging in a child exploitation enterprise in violation of 18 U.S.C. § 2252A(g). See Record Documents 311 and 312. On January 5, 2012, the Court sentenced Barton to 327 months in prison. See Record Document 413. On January 13, 2012, the Court entered the judgment into the record. See Record Document 414. On August 23, 2013, Barton filed a motion for extension of time to file a § 2255 Motion. See Record Document 676. The Court denied this Motion. See Record Document 678. The

first § 2255 Motion is dated November 12, 2013, and is post-marked as sent from his correctional institution on November 14, 2013. See Record Documents 688 and 688-5. The Court received the Motion on November 18, 2013. See Record Document 688. The Government filed a response to the Motion on January 17, 2014, opposing the application of equitable tolling to the Motion such that the Motion will be timely and arguing for denial of the Motion as untimely. See Record Document 698. Barton filed a reply on May 1, 2014. See Record Document 712. The Court received Barton's second § 2255 Motion on January 3, 2017. See Record Document 752.

## ANALYSIS

### A.  Barton's First § 2255 Motion (Record Document 688)

Before the Court can address Barton's arguments for setting aside his conviction, the Court must first determine whether Barton's Motion is timely. Title 28, United States Code, § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Here, § 2255(f)(1) is controlling.

In connection with the filing of a § 2255 motion, "a conviction becomes final when a defendant's options for further direct review are foreclosed." United States v. Thomas, 203 F.2d 350, 352 (5th Cir. 2000). When a defendant fails to file a timely notice of appeal, his conviction is final upon the expiration of the time for filing a notice of appeal. See United States v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008). At the time of Barton's conviction, the time for filing a notice of appeal was 14 days after the entry of the judgment. See Fed. R. App. P. 4(b). Because the judgment in Barton's case was entered on January 13, 2012, he had until January 27, 2012, to file a timely notice of appeal. Therefore, he had until January 27, 2013, to file a timely § 2255 Motion. He did not file the instant Motion until November 12, 2013, at the earliest. See Record Document 688-5; see United States v. Franks, 397 Fed. Appx. 95, 98 (5th Cir. 2010) (under the prison mailbox rule, a prisoner's motion is deemed filed the day the motion is deposited into a legal mailbox at the prisoner's correctional institution).

Barton recognizes that his first Motion is untimely under the one-year time limit for such motions under § 2255. See Record Document 688 at ¶ 18. However, he argues that equitable tolling should apply to make his Motion timely. See id.; see Record Documents 688-1 and 712. He recounts numerous details of his incarceration to demonstrate that he lacked access to his legal papers, a law library, and "competent advice from a qualified law library clerk" for various time periods during the one-year period in which he could have filed a timely § 2255 Motion. Record Documents 688-1 and 712. According to Barton, he was in administrative detention for his own protection from March 3, 2012, to April, 11, 2012, and May 17, 2012, to August 8, 2012 at Federal Detention Facility-

Sheridan. See Record Document 688-1. During these periods of administrative detention, he states that he did not have access to the inmate law library. See id.

From August 9, 2012, to August 31, 2012, Barton states that he was "in transit" to Federal Correctional Facility-Florence. See id. Once there, he alleges that from his arrival through the timely filing deadline of January 27, 2013, there were periodic lockdowns at the facility that prevented him from accessing the law library at various times. See id. Barton states that "at this point in time, [Barton] was not aware of the process of filing a § 2255 Motion." Record Document 712. He also alleges that he sought help from a law library clerk, a fellow inmate at this institution, in pursuing his post-conviction rights. See id.; see Record Document 688-1. Barton claims that this law library clerk "never completed anything nor directed [Barton] in the right direction in filing" Barton's § 2255 Motion. Id. Additionally, this law library clerk "had possession of the § 2255 forms and instructions that [Barton] had received from the Court." Id. According to Barton, prison officials later confiscated this law library clerk's documents because he had been misusing his position and taking advantage of other inmates. See Record Document 712.

"The timeliness provision in [§ 2255] is subject to equitable tolling." Holland v. Florida, 560 U.S. 631, 634 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotations omitted). Equitable tolling is only appropriate in "rare and exceptional circumstances." Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

The Court finds that Barton does not meet either of the elements necessary to benefit from equitable tolling of the one-year limitations period for filing § 2255 Motions.

From the facts Barton has alleged, there is no indication that Barton pursued his right to file a § 2255 Motion diligently from the beginning of the one-year period on January 27, 2012, to at least August 31, 2012, as Barton admits that he was unaware of the procedure for filing a § 2255 Motion until he arrived at Federal Correction Facility-Florence. See Record Document 712. Though he alleges that the law library clerk at that facility took advantage of him and did not follow through on his promises to help Barton with his § 2255 Motion, the ultimate responsibility for filing the Motion was Barton's. Barton points to no authority entitling him to legal aid in filing a § 2255 Motion, and the Court is unaware of any such entitlement. Though the Court is aware of the difficulties pro se litigants encounter in familiarizing themselves with federal post-conviction procedure, Barton could have requested a new form for filing a § 2255 Motion from the Clerk of Court, and he could have looked up the law regarding filing a § 2255 Motion in the law library while the facility was not on lockdown. Instead, he did not make any effort to file a § 2255 Motion on his own during this time period, but rather relied upon the law library clerk to do so. Barton's only effort to assert his § 2255 rights came on August 23, 2013, when he filed a motion for extension of time to file a § 2255 Motion; notably, he filed this motion many months after the period for timely filing a § 2255 Motion had already expired. See Record Document 676.

    The facts Barton presents do not demonstrate diligent pursuit of his rights or extraordinary circumstances preventing him from filing his § 2255 Motion. Barton may have only had about five months (August 31, 2012, to January 27, 2013) in which he was both aware of his right to file a timely § 2255 Motion and able to access a law library to research the requirements for such a Motion, but this does not mean that he is entitled to

equitable tolling. When impediments to timely filing a § 2255 Motion are removed such that a prisoner has adequate time in which to file a timely Motion, the prisoner is not entitled to equitable tolling of the one-year time limitation. See Scott, 227 F.3d at 263. The impediments Barton faced were removed by at least August 31, 2012, with only the intermittent interruption of his access to the law library caused by lockdowns at the facility after that date. Barton's trust in and reliance upon a nefarious law library clerk, without any attempt to file a Motion on his own, does not constitute the type of "reasonable diligence" or "extraordinary circumstance" that would justify equitable tolling. Holland, 560 U.S. at 649, 653.

The Court notes that it has reviewed the cases Barton cites in support of his argument, but finds them inapplicable and/or distinguishable from the instant action. Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010), addresses the standard for equitable tolling applicable when a § 2255 movant bases his equitable tolling claim on mental impairment. As Barton makes no such claim, that case is inapplicable to the instant action. Miller v. New Jersey State Dept. of Corr., 145 F.3d 616, 616-619 (3rd Cir. 1998), merely confirms that equitable tolling is available to toll the one-year period for filing a § 2255 Motion. That decision offers no help to Barton, as the Miller court remanded the case to the district court to consider whether equitable tolling applied without making a determination of whether it did apply. See 145 F.3d at 618. In United States v. Mendoza, 449 F.3d 1065, 1067 (9th Cir. 2006), the court determined that Mendoza had presented facts that, "if true, could entitle him to equitable tolling." However, Mendoza's claim was based upon the unavailability of Spanish-language materials in the prison law library, an issue entirely absent in the instant action. See id. at 1067-68. The Court has attempted

to find what Barton cites as "United States v. Diaz, 515 F.3d 616, 617 (2nd Cir. 2007)," but that citation is incorrect. Thus, the Court finds that the authorities Barton cites offer no support to his equitable tolling argument.

### B. Barton's "Successive § 2255 Motion" (Record Document 752)

Barton's second Motion is titled "Successive § 2255 Motion." Record Document 752. Thus, Barton recognizes that this is a second or successive motion under 28 U.S.C. § 2255(h). Under this section, a second or successive § 2255 Motion:

> must be certified . . . by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable

Barton appears to recognize that his Motion must meet either of these categories before the Court can consider it, as his Motion states, "Please see Beckles v. United States, 135 S. Ct. 2928, U.S. No. 15-8544, argued 11/28/16, certiorari. The exaggeration and out-of-context issue(s) raised in Beckles apply, not any similarity in charge(s)." This appears to be an attempt to point to recent Supreme Court authority that might entitle him to file a second § 2255 Motion. However, as no evidence of certification by the Fifth Circuit Court of Appeals allowing Barton to file a second § 2255 Motion has been provided, the second § 2255 Motion is also **DENIED**.

### CONCLUSION

Based on the foregoing, the Court finds that Barton's first § 2255 Motion fails because (1) the motion is untimely and (2) he is not entitled to equitable tolling of the one-year limitations period to make this Motion timely. Accordingly, his Motion to Vacate, Set

Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 688) is hereby **DENIED**. Additionally, his second § 2255 Motion (Record Document 752) is **DENIED** for failing to first secure a certification by the Fifth Circuit Court of Appeals allowing Barton to file a second § 2255 Motion.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right in either of his § 2255 Motions.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, on this the 17th day of January, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE