UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA               CRIMINAL ACTION NO. 11-00062-01

VERSUS                                 JUDGE S. MAURICE HICKS, JR.

WILLIAM L. BARTON (01)                 MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is Petitioner William L. Barton's ("Barton") Motion for Compassionate Release (Record Document 781). The Government has opposed Barton's motion. See Record Document 783. Barton also filed several rebuttals/supplemental briefs. See Record Documents 784, 785, 787 & 788. For the reasons set forth below, Barton's Motion for Compassionate Release is hereby **DENIED**.

**BACKGROUND**

In September 2011, Barton pled guilty to participating in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g). See Record Documents 311 & 312. The evidence presented in the written factual basis shows that Barton joined the Dreamboard child exploitation bulletin board in October 2009. See Record Document 312-2 at 4. Barton made 801 posts, primarily to the PT Vids Section of the bulletin board. See id. These videos typically contained images of young children, under the age of 12, engaging in sexual acts with adult men or women. See id.

On January 5, 2012, Barton was sentence to 327 months in prison, followed by lifetime supervised release. See Record Documents 413 & 414. He is currently incarcerated at FCI Seagoville. His projected release date is July 9, 2034.

Barton filed the instant motion on April 23, 2020.  See Record Document 781.  He had previously submitted a request for compassionate release to the Warden's Compassionate Release Committee on March 26, 2020.  This request was denied on April 10, 2020.  Barton did not appeal this denial; however, more than thirty days have elapsed since he submitted his administrative request within the Bureau of Prisons ("BOP").

## LAW AND ANALYSIS

**I.    Compassionate Release**

Barton argues he has "vulnerabilities in the wake of COVID-19" that constitute extraordinary and compelling reasons warranting his compassionate release.  Record Document 781.  He specifically references severe PTSD, high blood pressure, high cholesterol, anxiety, and night terrors.  Id. at 1, 6.  Barton maintains these conditions have been designated by Health and Human Services as "chronic care."  Id. at 1.  He also notes his age (70) and "the needs of his family and loved-ones" as bases for his immediate release.  Id. at 9.  Barton believes he would "fare better in an environment in his rural community, and where he [would] be able to control visitation and outside exposure."  Id. at 6.  He also contends he presents no risk of danger to the public.  See id. at 16, 17.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances."  Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010).  Title 18, United States Code, Section 3582(c) provides that the court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

    (1)    upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

    (2)    "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

    (3)    where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Barton moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

    (1)    prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

    (2)    prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). As stated previously, Barton has exhausted his administrative remedies under the First Step Act because of the lapse of 30 days.

Thus, subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Barton's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Turning to the Guidelines, U.S.S.G. § 1B1.13 explains that a reduction is authorized when the court, after consideration of the factors set forth in 18 U.S.C. § 3553(a), determines that extraordinary and compelling reasons exist and the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g). The reduction must also be consistent with the policy statements set forth in U.S.S.G. § 1B1.13. Application Note 1 of the U.S.S.G. § 1B1.13 sets forth what may constitute "extraordinary and compelling" circumstances that would permit a court to grant relief under Section 3582(c)(1)(A):

(A)  Medical Condition of the Defendant. –

>  (i)  The defendant is suffering from a terminal illness (i.e. a serious and advanced illness with an end of lift trajectory). A specific prognosis of life expectancy (i.e. a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>  (ii)  The defendant is –
>
>  > (I)  suffering from a serious physical or mental condition,
>  >
>  > (II)  suffering from a serious functional or cognitive impairment, or
>  >
>  > (III)  experiencing deteriorating physical or mental health because of the aging process,
>
>  that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B)    Age of the Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C)    Family Circumstances. –

        (i)    The death or incapacitation of the caregiver of the defendant's minor child or children.

        (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only caregiver for the spouse of registered partner.

    (D)    Other Reasons. – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with the reasons described in subdivision (A) through (C).

Under the authority granted to the BOP in U.S.S.G. § 1B1.13 to further specify what it considers "extraordinary and compelling," BOP Program Statement 5050.50[1] lists similar conditions such as terminal illness, advanced age and the death of a spouse or registered partner. BOP's program statement does not depart from the manner in which "extraordinary and compelling" is otherwise defined. U.S. v. Hudec, No. 4:91-1-1, 2020 WL 4925675 (S.D.Tex. 8/19/2020) (noting that Program Statement 5050.50 provides the same bases as U.S.S.G. for a finding of "extraordinary and compelling" reasons for compassionate release).

    "In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show

---

[1] Available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i). If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19. Similarly, in light of the COVID-19 pandemic, a defendant "experiencing a serious deterioration in physical or mental health because of the aging process" may be found to have a substantially diminished ability to provide self-care within the environment of a correctional facility, even in instances where the defendant's age-related decline in health otherwise would not have qualified under Section 3582(c)(1)(A).

Here, Barton has not demonstrated "extraordinary and compelling reasons" for compassionate release. He notes his age and avers that he is entitled to compassionate release because of his preexisting medical conditions, that is, severe PTSD, high blood pressure, high cholesterol, anxiety, and night terrors. Yet, he has presented only conclusory allegations and insufficient medical documentation relating to his high blood pressure and/or high cholesterol. There is no record evidence as to the severity of these

conditions or the extent to which such conditions impair Barton's ability to care for himself. See U.S. v. v. Aguila, No. 2:16-CR-00046-TLN, 2020 WL 1812159, at *2 (E.D. Cal. Apr. 9, 2020); U.S. v. Lotts, No. CR 08-1631 JAP, 2020 WL 835298, at *3 (D.N.M. Feb. 20, 2020). While age, hypertension, and high cholesterol are among the conditions identified by the CDC as increasing a person's risk for developing serious illness from COVID-19, Barton has not shown that BOP cannot adequately treat these conditions. Courts have consistently denied compassionate release motions involving defendants with similar and even more serious medical conditions than Barton's, namely because the conditions did not prevent the defendant from performing self-care or the defendant failed to show a greater risk of contracting the disease in prison in relation to his risk in the community. See U.S. v. v. Mitchell, No. 5:10-CR-50067-001, 2020 WL 544703, at *2 (W.D. Ark. Feb. 3, 2020); U.S. v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020). Likewise, Barton's general reference to the needs of his family and loved-ones as a compelling and extraordinary reason is an insufficient bases for compassionate release.

Additionally, even if Barton had demonstrated "extraordinary and compelling reasons," this Court believes granting Barton's release would not comport with the factors enumerated in Section 3553(a) and would present a possible danger to the community. Barton participated in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g). He joined the Dreamboard child exploitation bulletin board in October 2009. See Record Document 312-2 at 4. Barton made 801 posts, primarily to the PT Vids Section of the bulletin board. See id. These videos typically contained images of young children, under the age of 12, engaging in sexual acts with adult men or women. See id. Barton also had at least one prior conviction for child exploitation offense. See Record Document

424. The Court believes Barton's criminal history demonstrates he is a danger to the community.

Moreover, Barton has completed only a little over 9 years of his 327 month sentence. He is not scheduled to be released until 2034. A reduced sentence simply would not reflect the seriousness of Barton's offense, would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of the defendant. A reduced sentence would also cause disparity from sentences other defendants have received for similar criminal conduct.

## CONCLUSION

Based on the foregoing reasons, Barton's Motion for Compassionate Release (Record Document 781) is hereby **DENIED**. An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of November, 2020.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT