UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-00062-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WILLIAM L. BARTON (01) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner William L. Barton's ("Barton") Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See Record Document 820. The Government has opposed Barton's motion. See Record Document 823. Barton also filed a rebuttal and an addendum. See Record Documents 824 and 834. For the reasons set forth below, Barton's Motion for Sentence Reduction under Section 3582(c)(1)(A)(i) is hereby **DENIED**.

**BACKGROUND**

In September 2011, Barton pled guilty to participating in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g). See Record Documents 311 & 312. The evidence presented in the written factual basis shows that Barton joined the Dreamboard child exploitation bulletin board in October 2009. See Record Document 312-2 at 4. Barton made 801 posts, primarily to the PT Vids Section of the bulletin board. See id. These videos typically contained images of young children, under the age of 12, engaging in sexual acts with adult men or women. See id.

On January 5, 2012, Barton was sentence to 327 months in prison, followed by lifetime supervised release. See Record Documents 413 & 414. He is currently incarcerated at FCI Seagoville. His projected release date is July 9, 2034.

Barton filed his first Motion for Compassionate Release on April 23, 2020.  See Record Document 781.  He argued his severe Post Traumatic Stress Disorder ("PTSD"), high blood pressure, high cholesterol, anxiety, and night terrors made him vulnerable in the wake of COVID-19 and such constituted extraordinary and compelling reasons warranting his compassionate release.  See id. at 1, 6.  He also noted his age (70) as a basis for his immediate release.  See id. at 9.  Barton further submitted that he presented no risk of danger to the public.  See id. at 16, 17.  In November 2020, the Court denied Barton's Motion for Compassionate Release, finding no extraordinary and compelling reasons for compassionate release and that granting Barton's release would not comport with the factors enumerated in Section 3553(a) and would present a possible danger to the community.  See Record Documents 793 and 794.

In his current motion for reduction of sentence, Barton cites his age (71 years old) and the "serious deterioration of both [his] physical and mental health, particularly the latter as regards PTSD" as the basis for compassionate release.  Record Document 820 at 1.  He also references panic attacks, high blood pressure, high cholesterol, allergic rhinitis, pain from osteoarthritis in the lower lumbar spine, depression, anxiety, and night terrors as additional grounds for compassionate release.  See id. at 4.  In his rebuttal and addendum, Barton argues he is not a danger to the community and is also suffering from long COVID/brain-fog.  See Record Documents 824 & 834.

**LAW AND ANALYSIS**

I.  **Compassionate Release**

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances."

Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Barton moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). There is no dispute that Barton has exhausted his administrative remedies and the Court will proceed to the merits of his motion.

Subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Barton's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP. See U.S. v. Shkambi, 993 F.3d 388 (5th Cir. 2021). The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at 393. Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release. See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021). While not binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the

defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons. See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i). If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

Barton cites his age (71 years old); the deterioration of his physical and mental health, particularly the latter as regards PTSD; panic attacks; high blood pressure; high cholesterol; allergic rhinitis; pain from osteoarthritis in the lower lumbar spine; depression; anxiety; night terrors; and long COVID/brain-fog as his grounds for compassionate release. The Government does not believe that these asserted reasons constitute

extraordinary and compelling reasons as that term is defined for purposes of 18 U.S.C. § 3582(c)(1)(A). Notwithstanding, even if this Court were to assume an extraordinary and compelling reason in this case, it does not believe granting compassionate release to Barton would comport with the factors enumerated in Section 3553(a). See 18 U.S.C. § 3582(c)(1)(A).

The facts and circumstances of Barton's offense disfavor compassionate release in this instance. Barton was convicted of participating in a large child exploitation enterprise. The evidence presented in the written factual basis shows that Barton joined the Dreamboard child exploitation bulletin board in October 2009. See Record Document 312-2 at 4. He made 801 posts, primarily to the PT Vids Section of the bulletin board. See id. These videos typically contained images of young children, under the age of 12, engaging in sexual acts with adult men or women. See id. Early release at this juncture of Barton's imprisonment simply would not represent just punishment, would not reflect the seriousness of Barton's sexual offense, and would not afford adequate deterrence to criminal conduct. A reduced sentence would also cause disparity from sentences other defendants have received for similar criminal conduct. Thus, the Motion for Sentence Reduction is **DENIED** based on this Court's application of the Section 3553(a) factors.

## CONCLUSION

Based on the foregoing reasons, Barton's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A)(i) (Record Document 820) is hereby **DENIED**. The Court does not believe Barton's release would comport with the Section 3553(a) factors.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of April, 2023.

_____
United States District Judge